**ARKWRIGHT MUTUAL INSURANCE COMPANY, Plaintiff,**

**v.**

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Defendant.**

**Misc. No. 91–00028–CH.**

United States District Court, S.D. West Virginia, Charleston Division.

Aug. 16, 1991.

---

**150**

Bower and Gardner, New York City, for plaintiff.

Stephen J. Schlegel, New York City, for defendant.

W. Henry Lawrence, IV, Steptoe & Johnson, Clarksburg, W.Va., for Murray Sheet Metal.

ORDER

HADEN, Chief Judge.

Pending is the Defendant's motion to compel deponent Murray Sheet Metal Company, Inc. (Murray) to produce documents pursuant to a subpoena *duces tecum.* Murray refused to produce the documents based upon work product and attorney-client privileges. The Court concludes that the documents are protected by the work product privilege and accordingly, the Court DENIES the motion of Defendant National Union Fire Insurance Company of Pittsburgh, PA, (National Union) to compel Murray to produce the withheld documents.

This miscellaneous action stems from a fire which occurred at the General Electric Plastics facility in Washington, West Virginia. Murray was performing renovation work on the building when on April 4, 1990, a fire broke out due to an unknown origin. As a result of the damages sustained in this fire, General Electric submitted a claim to its insurer, Arkwright Mutual Insurance Co. (Arkwright) for fire damage and PCB damage allegedly resulting from the fire. On June 18, 1990, Arkwright notified its reinsurer, National Union of the incident. National Union declined to pay Arkwright asserting that it was an uncovered loss. Arkwright subsequently filed suit in the United States District Court for the Southern District of New York over National Union's agreement to reinsure portions of the risk Arkwright insured at the General Electric Plastics facility in Washington, West Virginia.

National Union subsequently served a subpoena *duces tecum* on Murray commanding the keeper of the records to appear and produce certain documents. Murray produced the keeper of records and numerous non-privileged documents while asserting that other documents were protected by the work product and attorney-client privileges. The asserted privileges covered documents relating to correspondence and notes of meetings with counsel, witness interviews and statements, internal memoranda by Murray officials and expert documents including medical reports for Murray employees and PCB test results. In Murray's memorandum in opposition to National Union's motion to compel, a privileged documents log is included as an exhibit.

The work product privilege protects documents prepared in anticipation of litigation. *Rule* 26(b), Federal Rules of Civil Procedure. Although Murray is not a party to the dispute between Arkwright

and National Union, Murray can assert the work product privilege. The privilege applies as long as the document is prepared in contemplation of some particular litigation. The probability of such future litigation must be substantial and the commencement of litigation must be imminent. *Bloodstock Services Ireland, Ltd. v. U.S.*, 87 F.R.D. 732 (E.D.Ky.1980). See also *Duplin Corp. v. Moulinage et Retorderie de Chavanoz*, 509 F.2d 730 (4th Cir.1974). A party may obtain work product materials upon a showing of substantial need and an inability without undue hardship to obtain the materials by other means. *Rule* 26(b)(3), Federal Rules of Civil Procedure.

The twenty-six documents in which Murray asserts a work product privilege clearly fall within the scope of the work product privilege. It is uncontroverted that Murray is a potential party to litigation stemming from the fire of April 4, 1990. The fire occurred at or near the site where Murray employees were working. Recognizing this potential for litigation, Murray contacted its insurer who immediately retained counsel and began investigation into the incident. All twenty-six documents in which Murray asserts a work product privilege were prepared after the April 4, 1990, fire and in the investigation of that incident. Murray acted quickly to preserve and document evidence in contemplation of future litigation. The prepared documents clearly fall within the scope of the work product privilege pursuant to *Rule* 26(b), Federal Rules of Civil Procedure.

National Union has failed to establish a substantial need for the documents in which Murray asserts the privilege. Moreover, National Union has failed to demonstrate that it is unable without undue hardship to obtain the substantial equivalent of the materials by other means. National Union may exercise its rights under the Federal Rules of Civil Procedure to obtain discovery from Arkwright through interrogatories, depositions and requests for admission. National Union can also obtain information from General Electric and through its own investigation of the incident. National Union has failed to demonstrate that these avenues of discovery have been unduly burdensome.

Murray further contends that some of the documents are protected by the attorney-client privilege. Since the Court concludes that all twenty-six documents are protected by the work product privilege, it is unnecessary to address the issue of attorney-client privilege, although Murray's argument may have merit. Accordingly, the Court DENIES the motion of National Union to compel Murray to produce the twenty-six documents in which a privilege is claimed.