**Patsy DARNELL, as next friend and guardian of Cecil Curtis Hammonds, Plaintiff,**

v.

**Darrell McMURRAY, et al., Defendants.**

**Civ. A. No. 91–0061–B.**

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

April 13, 1992.

Thomas L. Rasnic, Rasnic & Rasnic, Jonesville, Va., Larry Dillow, Kingsport, Tenn., for plaintiff.

Beth Osborne Skinner, Woodward, Miles & Flannagan, Bristol, Va., Peter R. Messitt, Asst. Atty. Gen., Office of Atty. Gen., Richmond, Va., for defendants.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, Senior District Judge.

This matter is presently before the court on A.E. Crane and Larry Waddell's motions to quash service of subpoenas duces tecum on the grounds that the information sought to be discovered is protected by the work product rule and the attorney-client privilege. The court has reviewed *in camera* the state police report sought to be protect-ed from discovery. For the following reasons, the court overrules the motions to quash the subpoenas.

### I. *Attorney–Client Privilege*

■ The attorney-client privilege exists:

(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

*United States v. Tedder,* 801 F.2d 1437, 1441 (4th Cir.1986), *cert. denied,* 480 U.S. 938, 107 S.Ct. 1585, 94 L.Ed.2d 775 (1987). The burden is on the proponent of the privilege to demonstrate its applicability. *United States v. Jones,* 696 F.2d 1069, 1072 (4th Cir.1982).

■ In the present case, the individuals seeking to quash the subpoena "simply have not alleged that at the time of these investigations, any of the participants had any communications with an attorney." *Spell v. McDaniel,* 591 F.Supp. 1090, 1120 (E.D.N.C.1984). Therefore, the privilege does not apply. This decision is in accord with other jurisdictions which have considered this precise issue. *Spell,* 591 F.Supp. at 1120–21; *Mercy v. County of Suffolk,* 93 F.R.D. 520, 522 (E.D.N.Y.1982); *Frankenhauser v. Rizzo,* 59 F.R.D. 339, 342, n. 4 (E.D.Pa.1973).

Also, the fact that the report was later transmitted to the Attorney General of Virginia's office does not make the report privileged. "[P]re-existing documents which could have been obtained by court process from the client when he was in possession may also be obtained from the attorney by similar process following transfer by the client in order to obtain more informed legal advice." *Fisher v. United States,* 425 U.S. 391, 403–04, 96 S.Ct. 1569, 1577, 48 L.Ed.2d 39 (1976).

### II. *Work Product*

■ Fed.R.Civ.P. 26(b)(3) provides the standard for determining whether a given

document constitutes work product. First, the party opposing discovery must show the document was prepared under Rule 26(b)(3) circumstances. The burden then shifts to the party seeking discovery to show substantial need and undue hardship. *Virginia Electric & Power Co. v. Sun Shipbuilding & Dry Dock Co.,* 68 F.R.D. 397, 410 (E.D.Va.1975).

Rule 26(b)(3) prevents discovery of: 1) documents otherwise discoverable; 2) prepared in anticipation of litigation; and 3) by a party to the proceeding or by that party's representative. However, even if these three requirements are met, the document may be discovered if the party seeking discovery can show a substantial need for the document and an inability to obtain equivalent information. Fed.R.Civ.P. 23(b)(3). A party may obtain his own statements without making this showing. *Id.*

### 1. *Documents otherwise discoverable*

If the report is privileged, such as under the attorney-client privilege, the material is not discoverable regardless of whether it constitutes work product. As stated herein, the court finds that the report is not protected by the attorney-client privilege. Accordingly, this document is otherwise discoverable because it is relevant to the plaintiff's case.

### 2. *Prepared in anticipation of litigation*

The dispositive issue is whether the report was prepared in anticipation of litigation or merely pursuant to the normal police practices of conducting an internal investigation after the discharge of a weapon. This court has held that a report will be considered to have been prepared in anticipation of litigation only when "the probability of litigating the claim is substantial and imminent" or where "litigation was fairly foreseeable at the time the memorand[um was] prepared." *State Farm Fire and Casualty Co. v. Perrigan,* 102 F.R.D. 235, 238 (W.D.Va.1984) (citations omitted). For the following reasons, the court finds that this report was not prepared in anticipation of litigation.

The individuals seeking to quash the subpoena rely on Department of State Police General Order 42 which states, "All investigations and reports relating to complaints, discharge of firearms, and use of force are prepared, as well, for the express purpose of providing a confidential, factual record that will assist in the defense of civil and administrative litigation involving the Department or its personnel...." (General Order 42 at 6). However, General Order 42 also states that an investigation will be done "[i]n each instance in which the discharge of a firearm ... results in injury or death to any person." (General Order 42 at 3). It has been noted that "[c]ivil rights lawsuits are few and far between compared to the immediate and certain review by superiors within the police department and its internal investigative arm." *King v. Conde,* 121 F.R.D. 180, 192 (E.D.N.Y. 1988). Therefore, the court must look beyond the self-serving label given in General Order 42.

The court has carefully examined the documents which have been submitted. At the heart of this material is a Department of State Police Internal Affairs report prepared by A.W. Omohondro and addressed to G.L. Rodgers of Internal Affairs. This report contains the following heading: "SUBJECT: Discharge of Firearms/Use of Force—Cecil Curtis Hammonds." The first paragraph of the report states, "This investigation was predicated November 29, 1989, at 3:30 a.m., by [Rodgers] receiving a telephone call from Captain J.T. Flanary advising tear gas and firearms were discharged resulting in injury in the apprehension of Cecil Hammonds." The court notes that the incident which is the basis of plaintiff's lawsuit occurred on November 29, 1989. At this point, the lawsuit was certainly not imminent. Rather, the report discloses that the investigation was instituted as part of the normal procedure following the discharge of weapons resulting in injury.

A letter from Rodgers to Sgt. M.A. Spivey, dated December 1, 1989, is attached to the report as Attachment 2. This letter defines the purpose of the investigation as follows:

**436**

In keeping with General Order 42, paragraph 2–d–(1)(p), the aforementioned subject has been referred to the Internal Affairs Unit for investigation. This investigation concerns the request for assistance of the TAC–TEAM on November 28, 1989, by Sheriff Darrell McMurray of Scott County. Subsequent to the TAC–TEAMS' arrival, you being the supervisory member, tear gas and firearms were discharged resulting in injury and apprehension of Hammonds. *Investigation will be conducted to determine if your authorization of the use of tear gas and discharge of firearms were within Department Policy.*

(Attachment 2) (emphasis added). This further supports the conclusion that the report was prepared under normal operating procedure rather than in anticipation of litigation. Therefore, the parties seeking to quash the subpoena have not met their burden of proving that the report was prepared under circumstances described in Rule 23. This holding is in accordance with other jurisdictions which have considered this precise issue. *Spell,* 591 F.Supp. at 1119–20; *Mercy,* 93 F.R.D. at 522; *Rizzo,* 59 F.R.D. at 342, n. 5.

### Conclusion

The parties seeking to quash the subpoena have not met their burden of proving the document is entitled to the attorney-client privilege. Likewise, they have not met their burden of proving that the report is entitled to work product protection because the document was prepared in the normal course of business rather than in anticipation of litigation. Since this element is not satisfied, there is no reason to consider whether the plaintiff has shown a substantial need and an inability to get the information elsewhere. Therefore, discovery of this document is proper and the motions to quash the subpoenas are overruled.