Stephen Wayne JOHNSON, Plaintiff,

v.

STANDEX INTERNATIONAL CORPORATION, Custom Hoists, Inc., and Dorsey Trailers, Inc.

v.

LONE STAR STEEL, Defendants.

Civ. A. No. 2:93CV272.

United States District Court,
E.D. Virginia,
Norfolk Division.

Jan. 19, 1994.

Jesse Marden Suit, III, Rutter & Montagna, Norfolk, VA, for plaintiff.

Randolph Courtland DuVall, Pender & Coward, William Robert Turner, III, Pender & Coward, Virginia Beach, VA, for defendants.

Gregory N. Stillman, Hunton & Williams, Norfolk, VA, Arletrice Mechele Dickerson, Hunton & Williams, Norfolk, VA, for movant.

Patrick Michael Brogan, Davey Associates, P.C., Philip Norton Davey, Davey Associates, P.C., Norfolk, VA, Michael B. McCauley, Palmer, Biezup & Henderson, Philadelphia, PA, for third-party defendant.

### ORDER

MILLER, United States Magistrate Judge.

The plaintiff in this case alleges that on June 25, 1991 he was injured as a result of the failure of a hydraulic cylinder manufactured by the defendant Standex International Corporation and/or Custom Hoists, Inc. and a component part of the Dorsey dump trailer being operated by the plaintiff. During the course of the litigation, counsel for the defendants Standex International Corporation and Custom Hoists, Inc. issued a subpoena to Newport News Shipbuilding to produce a transcript of a telephone conversation between a confidential informant and the Newport News Shipbuilding general counsel's office. The conversation allegedly related to the plaintiff's workmen's compensation claim against Newport News Shipbuilding which arose out of the injury involved in this case.

Newport News Shipbuilding declined to honor the subpoena and has filed a memorandum of law in support of its motion to quash the subpoena. Newport News Shipbuilding states that the information it obtained from a confidential informant telephoning its fraud, waste and abuse hotline is privileged. In addition, Newport News Shipbuilding declined to produce the investigatory notes and reports that the general counsel's office of Newport News Shipbuilding prepared in regard to the workmen's compensation claim filed by the plaintiff, Stephen Wayne Johnson.

The defendants Standex International Corporation and Custom Hoists, Inc. suggest that no privilege exists in the law. They argue that they are entitled to relevant non-privileged information regarding Mr. Johnson's workmen's compensation claim since such claim is intrinsically intertwined with the products liability suit now pending against Standex International Corporation and Custom Hoists, Inc.

■ Newport News Shipbuilding has established a hotline pursuant to 48 C.F.R. §§ 203.7001(a)(3) and 203.7001(b) (1992). These Department of Defense regulations require contractors such as Newport News Shipbuilding to display Department of Defense Hotline posters unless the contractor has established an internal reporting mechanism and program similar to that of the Department of Defense. It is undisputed that Newport News Shipbuilding has received substantial contracts from the Department of Defense and has established its own confidential hotline for fraud, waste and abuse and has encouraged employees to contact that hotline. It is further undisputed that the hotline is maintained by the general counsel's office of Newport News Shipbuilding.

The regulations permitting Newport News Shipbuilding to establish its own hotline do not describe any privilege or confidentiality. The regulations require that the government contractor either use the DoD Hotline Program or establish its own internal reporting mechanism which may be in the form of a

hotline. 48 C.F.R. § 203.7001(b) (1992). A fair reading of 48 C.F.R. § 203.7001 (1992) indicates that the hotline which a government contractor substitutes for the DoD Hotline should be guided by the DoD Hotline's purpose and procedures set forth in 32 C.F.R. Part 98. The regulations clearly establish a DoD hotline program that seeks to prevent and to detect fraud, waste, abuse and mismanagement. Similarly, the government contractor's hotline is a mechanism for employees to report improper conduct. 48 C.F.R. § 203.7000(3).

The DoD Hotline Program regulations provide for the confidentiality of the informant. Similarly, the contractor's hotline should provide "instructions that encourage employees to make reports." 48 C.F.R. 203.-7001(a)(3) (1992). Regarding the DoD Hotline, the Inspector General of the Department of Defense is directed to "[e]stablish controls to provide maximum protection for the identity of all persons using the Defense Hotline." 32 C.F.R. § 98.5(b)(2) (1993). The heads of Department of Defense components are also directed to establish and implement policies to ensure that the Department of Defense Hotline Program is fully effective and this duty includes "[E]stablish[ing] the administrative and operational controls and procedures necessary to provide maximum protection for the identity of any Defense Hotline Program source who requests anonymity or confidentiality." 32 C.F.R. § 98.-5(c)(3)(iii) (1993). Finally, 32 C.F.R. § 98.-6(b) (1993) provides:

> Necessary controls shall be established to provide maximum protection for the identity of users of the Defense Hotline. Individuals shall be ensured that they can report instances of fraud and mismanagement without fear of reprisal or unauthorized disclosure of identity, as provided in Pub.L. 95–452 and DoD Instruction 7050.3. However, individuals reporting alleged fraud and mismanagement should be encouraged to identify themselves to the Defense Hotline so that the Defense Hotline staff can recontact the source if additional information is needed.

Counsel for both parties have pointed out no case law interpreting these confidentiality provisions of the Code of Federal Regulations. The Court has found no case law interpreting these provisions. Based on a reading of 48 C.F.R. § 203.7001, the Court FINDS that the confidentiality provisions in 32 C.F.R. Part 98 relate to and should guide the contractor hotlines mandated by the Department of Defense pursuant to 48 C.F.R. 203.7001. The Court FINDS that the above-cited provisions of the Code of Federal Regulations create a privilege which prevents the disclosure of the identity of individuals who make reports to the Department of Defense Hotline pursuant to 32 C.F.R. Part 98 and to Defense Department contractor hotlines created pursuant to 48 C.F.R. § 203.7001. Thus, the Court DECLINES to order Newport News Shipbuilding to disclose the identity of the confidential informant who made a report to Newport News Shipbuilding regarding the plaintiff via the hotline.

However, the Court has found no authority to support Newport News Shipbuilding's position that the information gleaned from the hotline is privileged. The above-cited regulations repeatedly refer only to the identity of the person making the call to the hotline. In the absence of statutory law, regulation, or common law, this Court will not create a privilege as to the information conveyed to Newport News Shipbuilding via its Department of Defense-mandated hotline.

Therefore, the Court DENIES Newport News Shipbuilding's Motion to Quash production of the information received from the confidential informant via the Newport News Shipbuilding hotline. Newport News Shipbuilding is required to redact all information identifying the confidential informant from the transcript or other information obtained from the Department of Defense hotline and to forward that information to counsel for Standex International Corporation and Custom Hoists, Inc. within ten (10) days of this Order.

If Newport News Shipbuilding is uncertain as to what information should be redacted and forwarded to Standex International Corporation and Custom Hoists, Inc., it must submit within ten (10) days of this Order the entirety of the information supplied by the confidential informant to the Court under

seal and the Court will redact the appropriate information and provide it to Standex International Corporation and Custom Hoists, Inc.

■ Newport News Shipbuilding has further objected to Standex International Corporation's and Custom Hoists, Inc.'s subpoena for the investigatory notes and reports that Newport News Shipbuilding prepared in anticipation of potential litigation with Mr. Johnson. Newport News Shipbuilding relied on *National Union Fire Insurance Company v. Murray Sheet Metal*, 967 F.2d 980, 983–84 (4th Cir.1992), for the proposition that such documents are protected by Federal Rule of Civil Procedure 26(b)(3). The Rule provides in part:

> a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other attorney's consultant, surety, indemnitor, insurer, or agent). . . .

Fed.R.Civ.P. 26(b)(3).

The court in *National Union* remanded the case to determine whether the work product doctrine applied to documents defendant sought to compel a nonparty, Murray Sheet Metal, to produce. In adopting the magistrate judge's Report and Recommendations the district court noted: "The Court has performed the 26(b)(3) analysis dictated by *National Union*, as it is the law of the case. However, the Court is concerned about the implications of *National Union*'s veiled holding that Rule 26(b)(3) applies to non-parties." *Arkwright Mutual Ins. Co. v. National Union Fire Ins. Co., Defendant, and Murray Sheet Metal Construction Co., Interested Party*, 148 F.R.D. 552, 553 n. 2 (S.D.W.Va.1993). The district court further noted: "The *National Union* case did not state the rationale for applying Rule 26(b)(3) to Murray and the conclusion is contrary to the language of the Rule and established precedent." *Id.* (citations omitted).

Newport News Shipbuilding advised the Court that the withheld notes and reports were generated after the confidential informant called the Newport News Shipbuilding hotline and provided information regarding Stephen Wayne Johnson. Although the Court FINDS that this investigation by Newport News Shipbuilding's general counsel's office was generated in anticipation of possible litigation against Mr. Johnson to recover any wrongfully paid benefits, the Court further FINDS that the withheld documents are not protected by the work product doctrine. In accordance with the language of Federal Rule of Civil Procedure 26(b)(3) and with established case law, the Court FINDS that the withheld documents by Newport News Shipbuilding, although generated in anticipation of possible litigation, are not protected by the work product doctrine as Newport News Shipbuilding is a nonparty.

The Court notes that it agrees with Newport News Shipbuilding's position that defendant's reliance on an unpublished opinion by The Honorable James R. Spencer, *Rickman v. Deere & Co.*, 154 F.R.D. 137 (E.D.Va. 1993), was misplaced. In *Rickman*, the plaintiff was attempting to prevent a defendant manufacturer from receiving a copy of the workmen's compensation carrier's investigatory report. Judge Spencer ruled that the plaintiff worker had no standing to object to the defendant manufacturer obtaining the workmen's compensation carrier's investigatory report. This Court concurs and FINDS that *Rickman* is not applicable to the present case's fact situation in which Newport News Shipbuilding, the producer of the investigatory notes and report, is invoking the work product privilege.

However, as Newport News Shipbuilding has not shown that its withheld notes and reports are privileged, the Court FINDS that these documents are subject to subpoena pursuant to Rule 45 and ORDERS the production of the notes and reports within ten (10) of this Order.

## CONCLUSION

The Court hereby GRANTS in part and DENIES in part Newport News Shipbuilding's Motion to Quash the Subpoena. Newport News Shipbuilding is required to provide to the defendants within ten (10) days

the information obtained from the Newport News Shipbuilding hotline but is not required to reveal the identity of the informant. Newport News Shipbuilding is required to reveal its investigatory notes and reports generated subsequent to receiving the hotline information within ten (10) days of this Order.

The Clerk is DIRECTED to send a copy of this Order to all counsel of record and to counsel for Newport News Shipbuilding.