**Ronald Lewis DUCK, Plaintiff,**

v.

**M.L. WARREN, Defendant.**

**Civ. A. No. 2:94cv767.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Jan. 31, 1995.

---

Jeremiah A. Denton, III, Virginia Beach, VA, for plaintiff.

Alan B. Rashkind, Furniss, Davis, Rashkind & Saunders, P.C., Norfolk, VA, for defendant.

Harold P. Juren, Office of City Atty., Norfolk, VA, for City of Norfolk.

*AMENDED ORDER*

PRINCE, United States Magistrate Judge.

This matter came before the Court on January 25, 1995, on plaintiff's Motions to Compel Compliance with a Subpoena Duces Tecum and to Compel Answers to Interrogatories 10, 11, 12, 13, 16, and 21. Present at the hearing were Jeremiah A. Denton, III, Esquire, counsel for plaintiff; Alan B. Rashkind, Esquire, counsel for defendant; and Harold P. Juren, Esquire, counsel for the City of Norfolk, an interested party. This case is a 42 U.S.C. § 1983 action, along with claims for battery and negligence, alleging that defendant, a police officer, shot and injured plaintiff without justification.

## I. *Answers to Interrogatories*

Plaintiff withdrew the motions as to Interrogatories 13 and 16. According to all counsel, there has been an agreed upon answer to Interrogatory 10. The Court SUSTAINS plaintiff's motion compelling answers to Interrogatories 11, 12, and 21, and ORDERS defendant to provide complete answers to them. Details regarding the Court's ruling on these matters are more fully set forth in the court stenographer's notes.

## II. *Compliance with Subpoena Duces Tecum*

■ The subpoena duces tecum at issue was served on Melvin C. High, Norfolk Chief of Police, asking for identification of individuals who participated in an internal affairs investigation and for production of any documents that were part of that investigation. At the hearing, counsel for defendant stated that the only documents in the internal affairs investigation file are statements given by about eight witnesses, including defendant, concerning the shooting. There are no documents containing analysis, theories, or the like. It is these witnesses' statements that plaintiff wants produced. Although plaintiff already has statements made by defendant and these witnesses, and has taken depositions of defendant and at least some of these witnesses, plaintiff asserts that there are inconsistencies in defendant's version of the shooting, and that he needs all of these statements to make proper use of the inconsistencies at trial. Defendant claims that the work product rule of Fed.R.Civ.P. 26(b)(3)

provides immunity from discovery of these statements.

*National Union Fire Ins. Co. v. Murray Sheet Metal Co.*, 967 F.2d 980 (4th Cir.1992), sets out the framework for analyzing whether or not information is immune from discovery under the work product doctrine, and the policies behind that doctrine. The first question is whether the documents were prepared "in anticipation of litigation". Fed.R.Civ.P. 26(b)(3). Plaintiff concedes that Chief High initiated the internal affairs investigation to prepare for possible litigation stemming from the shooting.[1] Next is to decide if the documents are "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation," and therefore absolutely immune. *Id.* The documents sought here contain statements of defendant and other witnesses; plaintiff in no way requests any evaluative material that might go along with those statements. Because the information here is work product but not absolutely immune, plaintiff is entitled to discover it only upon a showing of "substantial need". *Id.*

■ The "substantial need" requirement is simply an

"anti-freeloader" rule designed to prohibit one adverse party from riding to the court on the enterprise of the other.... The policy, accordingly, may be outweighed by a showing based on the document's relevance and importance to the issues in the litigation and the unavailability of the facts in the documents from other sources.

*Rickman v. Deere & Co.*, 154 F.R.D. 137, 138 (E.D.Va.1993), *aff'd*, 36 F.3d 1093 (4th Cir.1994) (quoting *Bunting v. Gainsville Mach. Co.*, 53 F.R.D. 594, 595 (D.Del.1971)) (emphasis added). At the time of the internal affairs investigation, the City and Chief High were acting on their own behalf, concededly in preparation for litigation they might face, with interests slightly different than those of defendant. They were not aiding defendant in preparing for his litigation. In addition, defendant did not hire or direct them to perform the investigation. As an alternative ruling, the Court FINDS that neither the City of Norfolk nor Chief High were defendant's representatives at the time they prepared this material, and therefore the documents do not fall under the definition of work product in Rule 26(b)(3).

---

1. Rule 26(b)(3) affords work product protection only to documents prepared by a "party" or a party's "representative". Plaintiff argues that because neither the City nor Chief High, who directed the internal affairs investigation and collected the statements, are parties or were representatives of defendant during the investigation, their work cannot constitute work product.

"The rule was enacted, to protect a party against the disclosure of materials (work product) which it prepared or which someone on its behalf prepared, more likely than not at that party's own expense, in connection with the prosecution of that party's *own* action or the defense by that party of an action brought against it. The protection was intended to encompass documents prepared, by a party or someone acting on its behalf to aid *that party* in the litigation."

*National Union*, 967 F.2d at 984–85 (citations omitted). The required importance and unavailability of the information to prevent free-loading are present if the documents sought contain statements that might impeach a witness. 8 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2025 (1994) ("a party is entitled to production of documents that would be useful to impeach a witness") (citations omitted). This concept was mentioned first in the landmark work product case, after which Rule 26(b)(3) was modeled, *Hickman v. Taylor*, 329 U.S. 495, 511, 67 S.Ct. 385, 393, 91 L.Ed. 451 (1947) (discovery is proper of documents that "might be useful for purposes of impeachment or corroboration"). However, "the mere surmise that production might reveal impeaching matter [is] not sufficient to justify production." Wright & Miller, *supra* (citing *Hauger v. Chicago R.I. & P.R. Co.*, 216 F.2d 501, 508 (7th Cir.1954)). One court in this circuit has dealt with this precise issue, and held the following:

> The relevance and importance of a document, for purposes of the substantial need exception to work product protection, can be established by showing the document is necessary for impeachment purposes.... To obtain benefit of this rule, however, a party must present more than speculative or conclusory statements that the reports will contain invaluable impeachment material. And, the impeachment value must be substantial because every prior statement has some impeachment value and otherwise the exception would swallow the rule.

*Suggs v. Whitaker*, 152 F.R.D. 501, 507–08 (M.D.N.C.1993) (citations omitted); *see also Mason C. Day Excavating v. Lumbermens Mutual Casualty Co.*, 143 F.R.D. 601, 606 (M.D.N.C.1992).

▉ Here, plaintiff has shown more than speculation that the statements made by defendant and other witnesses during the internal affairs investigation will aid in impeaching defendant. It appears that plaintiff already has several of defendant's statements, including those made to other witnesses, that reveal inconsistencies in his account of the shooting. This is a good indication that his statements during the internal affairs investigation, and the statements of other witnesses during the investigation concerning what defendant told them, would reveal further inconsistencies. The impeachment value at trial of inconsistencies in defendant's statements is unquestionably great. While defendant is correct that plaintiff already has statements and can depose any witness, plaintiff is not merely on a mission to discover the facts underlying the work product documents. *See National Union*, 967 F.2d at 984 n. 5; *Suggs*, 152 F.R.D. at 507. He is attempting to discover invaluable impeachment information for which he has shown the "substantial need" required to overcome the work product immunity.

Accordingly, plaintiff's Motion to Compel Compliance with the Subpoena Duces Tecum is hereby GRANTED.