Robert COLLINS, Plaintiff,

v.

David MULLINS, Defendant.

Civil Action No. 95–0150–B.

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

Nov. 13, 1996.

As Amended Nov. 18, 1996.

Larry Van Roberts, Kingsport, TN, for Plaintiff.

Steven R. Minor, Bristol, VA, for Defendant.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, Senior District Judge.

### I. Introduction.

This matter is before the court for disposition of the plaintiff's motion to compel discovery and the defendant's motion for a protective order. The court has jurisdiction over this 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1343(a)(3).

### II. Background.

This suit stems from an incident which occurred at the Wise County Sheriff's Office ("Sheriff's Office") on April 19, 1995. The plaintiff, Robert Collins ("Collins"), visited the sheriff's office to discuss an ongoing investigation being conducted by Defendant David Mullins ("Mullins"), a former Deputy Sheriff for Wise County. [Pl.'s Amended Compl. ¶ 1]. According to the amended complaint, Collins was physically attacked and then arrested by Mullins after the two exchanged words. [Id., ¶¶ 2–5].

Following this incident, Collins filed a formal written complaint with the Sheriff's Office. [Pl.'s Mem. in Supp. of Mot. to Compel, Ex. 3]. In response, the Sheriff's Office began an internal investigation into the confrontation. [Pl.'s Mot. to Compel, Ex. A]. As part of the probe, statements were obtained from approximately six witnesses to the incident.

On June 13, 1995, the plaintiff was informed by the Sheriff's Office that Mullins had been suspended for one week without pay as a result of the altercation. [Id., Ex. B]. Thereafter, Collins filed this § 1983 suit against both Mullins and Bill Kelley ("Kelley"), who was the Sheriff of Wise County at the time of the incident. The defendants subsequently filed a motion to dismiss all counts in the amended complaint in accordance with Fed.R.Civ.P. 12(b)(6). On May 17, 1996, this court entered an order dismissing Sheriff Kelley from this litigation. The court, however, denied the motion as to the counts against Mullins in his individual capacity. Collins' present claims are that he was arrested without probable cause and wrongfully assaulted by Mullins.

During the course of discovery, Collins attempted to obtain the witness statements that were collected by the Sheriff's Office during its internal investigation. Defendant objected to providing plaintiff with the statements on the ground that the they were privileged communications. Specifically, defendant contends that the information is shielded from discovery by the work product doctrine.

The parties agree that Mullins does not possess, nor has he ever seen the witness statements. [Def.'s Mem. in Opp'n to Pl's Mot. to Compel, Ex. A]. Obviously, therefore, Mullins can not be compelled to produce them. In contrast, Sheriff Kelley concedes that he has custody of the statements. [Id. at 3]. The dispute, therefore, centers on whether Kelley must provide the plaintiff with these statements.

On September 20, 1996, plaintiff filed a motion to compel discovery of the witness statements. The plaintiff has also filed a motion requesting this court to enter a final

order dismissing Kelley from this case according to Fed.R.Civ.P. 54(b). In opposition, the defendant has filed a motion for a protective order pursuant to Fed.R.Civ.P. 26(c). The parties have submitted briefs on the issue and have presented their positions at a recent hearing. The matter is now ripe for decision.

### III. Law and Discussion.

■ Federal Rules of Civil Procedure 26(b)(3)[1] codifies the work product doctrine. To determine whether evidence may be shielded from discovery by the doctrine, the court is required to make three threshold determinations. First, the information sought must be otherwise discoverable. Second, it must have been prepared in anticipation of litigation. Third, the material must have been prepared by or for a party to the lawsuit or by or for that party's representative. The party asserting work product protection bears the burden of proof of establishing entitlement to it. *Sandberg v. Virginia Bankshares, Inc.*, 979 F.2d 332, 355 (4th Cir.1992). The court will examine each of these requirements in turn.

### 1. Material otherwise discoverable.

■ The plaintiff in this case seeks to obtain various witness statements collected by the Wise County Sheriff's Office involving the alleged misconduct of Defendant Mullins. These statements are not protected by the attorney-client privilege. Furthermore, they contain information relevant to the plaintiff's § 1983 claims. As a result, the witness statements are discoverable within the meaning of Fed.R.Civ.P. 26(b)(3). *See Darnell v. McMurray*, 141 F.R.D. 433, 435 (W.D.Va. 1992) (holding that a police report is "otherwise discoverable material" under Rule 26).

**1.** Rule 26(b)(3) provides in part:
  Trial Preparation: Materials. Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seek-

### 2. Prepared in anticipation of litigation.

The work product doctrine protects from discovery only those materials prepared in anticipation of litigation or for trial. "Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity." Fed.R.Civ.P. 26(b)(3) *advisory committee note.*

The Fourth Circuit acknowledged in *National Union Fire Ins. Co. v. Murray Sheet Metal Co.*, 967 F.2d 980 (4th Cir.1992) that the "anticipation of litigation" criteria is difficult to apply because "litigation is an ever-present possibility in American life." *Id.* at 984. The court noted that incidents are often documented with the possibility of litigation in mind. *Id.* However, in attempting to give further guidance on this issue, the court declared that the doctrine applies only when the evidence is gathered *because of the prospect of litigation. Id.* (emphasis added). Similarly, this court requires that "the probability of litigating the claim [be] substantial and imminent" or "litigation [be] fairly foreseeable at the time the memorandum was prepared" for the work product doctrine to apply. *Darnell*, 141 F.R.D. at 435 (quoting *State Farm Fire and Casualty Co. v. Perrigan*, 102 F.R.D. 235, 238 (W.D.Va.1984)).

■ Defendant Mullins contends that the witness statements were obtained in anticipation of litigation or for trial. In support, defendant asserts that "sometimes witness statements were taken in response to complaints and sometimes they were not." [Def.'s Mem. in Opp'n to Pl.'s Mot. to Compel at 3]. According to the defendant, statements were secured in this case because of a "specific apprehension" that Mullins would file a law suit. [*Id.*].

ing discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering the discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

In opposition, the plaintiff argues that the witness statements were "prepared in the normal course of business." [Pl.'s Memo. in Supp. of Mot. to Compel at 4]. The plaintiff notes that the normal department policy of the Wise County Sheriff's Office is to gather witness statements after a citizen files a complaint against a department employee. [*Id.* at 4–5]. Plaintiff also maintains that the timetable surrounding the collection of the statements suggests that their collection was motivated by the internal investigation. [*Id.*].

Courts have had several opportunities to apply the work product doctrine to situations similar to the case at bar. Courts, including this one, have consistently held that evidence gathered in the course of an internal police investigation resulting from alleged use of misconduct are discoverable. *See Darnell,* 141 F.R.D. at 435; *Mick v. Brewer,* 923 F.Supp. 181, 185 (D.Kan.1996); *Griffith v. Davis,* 161 F.R.D. 687, 699 (C.D.Cal.1995); *Mercy v. County of Suffolk,* 93 F.R.D. 520, 521 (E.D.N.Y.1982); *Spell v. McDaniel,* 591 F.Supp. 1090, 1119 (E.D.N.C.1984). One district court has explained that since police departments are under an affirmative duty, in the normal course of serving their public function, to investigate alleged misconduct, the policies that inspire the work product doctrine are wholly inapplicable. *Griffith,* 161 F.R.D. at 699.

■ Despite this general rule, the "anticipation of litigation" requirement of Rule 26 necessarily depends on the specific facts of each case. The court must decipher the driving force behind the preparation of the documents sought to be discovered. *National Union Fire Ins. Co.,* 967 F.2d at 984. In making that assessment, the district court is authorized to consider whatever memoranda or evidence the court deems necessary. *United States v. Bornstein,* 977 F.2d 112, 117 (4th Cir.1992). Applying this test to the instant case, this court is of the opinion that the witness statements were gathered in accordance with the normal operating procedures of the Sheriff's Office.

The Wise County Sheriff's Office has enacted a series of "Rules and Regulations" for the "good management of the Department."

[Pl.'s Mem in Supp. of Mot. to Compel, Ex. 2]. When the Sheriff's Office receives a complaint, the shift commander investigates the allegation and prepares a written report for the sheriff. [*Id.*]. In addition, the Sheriff's Office conduct[s] a thorough and accurate investigation" regarding alleged acts of misconduct. [*Id.*]. As part of the investigation, the policy explicitly mandates the collection of "formal statements from all parties concerned when necessary and pertinent." [*Id.*]. Finally, the procedure mandates that "every alleged act of misconduct must be investigated and the result of the investigation must be reduced to a written report." [*Id.*].

The form that the Sheriff's Office provided Collins to file his complaint is consistent with the department's investigative policy. Immediately above the complainant's signature line, the "Report and Complaint Against Police Personnel" form contains two paragraphs explaining the nature and purpose of the complaint. [Pl.'s Mem. in Supp. of Mot. to Compel, Ex. 3]. The complainant is advised that the "complaint will be submitted to the Wise County Sheriff's Office and may be the basis for an investigation." [*Id.*]. Furthermore, a hearing may be convened in direct response to the complaint. [*Id.*]. Statements obtained in response to such a complaint fall squarely within the penumbra of "ordinary course of business or nonlitigation purpose."

The chronology of events in this case also sheds light on the driving force behind the collection of the witness statements. Mullins' alleged misconduct occurred on April 19, 1995. Less than one week later, Collins filed a written complaint with the Sheriff's Office. On May 9, 1995, Collins was contacted by Major Gene W. Vanover Jr. and informed that an investigation had already begun. [Pl.'s Mot. to Compel, Ex. A]. The letter advised Collins that the probe would be complete within thirty days. [*Id.*]. It was during this investigation that the statements at issue were obtained. On June 13, 1995, Vanover informed Collins that his complaint was "founded" and, as a result, Mullins had been suspended without pay for one week. [*Id.,* Ex. B]. Collins commenced this lawsuit approximately three months later.

No requirement exists that witness statements must be obtained after the formal commencement of a lawsuit for the work product doctrine to apply. *Burlington Indus. v. Exxon Corp.*, 65 F.R.D. 26, 43 (D.Md. 1974). However, the defendant must establish that a lawsuit was imminent when the information was obtained. *Id.* The facts in this case strongly indicate that the Sheriff's Office was merely conducting a routine investigation, as opposed to preparing for a lawsuit.

■ The defendant contends that the statements were not collected "until it became apparent that Mr. Collins was going to make a claim." [Def.'s Mem. in Opp'n to Pl.'s Mot. to Compel at 4]. The defendant asserts that immediately after the complaint was lodged, Sheriff Kelley had reason to conclude that litigation would ensue. [*Id.*]. We do not agree. This court has previously noted that civil rights law suits are relatively rare when compared with immediate and certain internal review of alleged police misconduct. *Darnell*, 141 F.R.D. at 435 (quotation omitted). In addition, the mere fact that litigation eventually occurs does not, by itself, cloak materials with work product immunity. *National Union Fire Ins. Co.*, 967 F.2d at 984 (quotation omitted).

The defendant's argument, in essence, is that the Sheriff's Office selectively determines when it will follow its own internal regulations. Apparently, an investigation is contingent upon the likelihood of an eventual litigation. [Def.'s Mot. in Opp'n to Pl.'s Mot. to Compel at 4]. Defendant's position is unavailing. Even if witness statements are not obtained automatically when a complaint is filed, that fact does not alter the primary motivation of gathering information. In addition, investigations are fact sensitive. As the policy of the Sheriff's Office indicates, formal statements are obtained only when "necessary and pertinent." Therefore, it is of little consequence that witness statements are not collected following every allegation of wrongdoing.

This court does not doubt that the Sheriff's Office was aware that litigation was a possible result of the April 19, 1995 confrontation. This threat, however, did not induce the Of-

fice to collect the witness statements. The driving force behind the acquisition of the statements was, in the court's view, the long-standing policy to investigate complaints of misconduct. According to the department's own regulations and policies, investigations were conducted to ensure the safe and lawful operations of the sheriff's office. Such inquiries are routinely undertaken by law enforcement agencies and are not conducted in anticipation of trial.

### 3. Party to lawsuit requirement.

■ The defendant's argument relating to the third requirement of Rule 26(b)(3) is twofold. First, the defendant states that Sheriff Kelley is still technically a party to this action and can assert the work product privilege. The defendant also recognizes that this court may enter a final judgment under Fed.R.Civ.P. 54(b) dismissing Kelley. As a result, the defendant cites *National Union Fire Ins. Co.*, 967 F.2d at 980 for the proposition that the Fourth Circuit has, at least on one occasion, implicitly recognized that non-parties may assert the work-product doctrine. Alternatively, the defendant urges this court to enter a protective order preventing discovery of the witness statements due to Kelley's close relationship to the pending litigation.

In response, the plaintiff argues that the plain language of Fed.R.Civ.P. 26(b)(3) states that only a party can assert the work product privilege. Plaintiff acknowledges that a final judgment has not yet been entered against Sheriff Kelley. As a result, the plaintiff has filed a motion to enter a final order dismissing Kelley from this case with prejudice. The plaintiff relies on Fed.R.Civ.P. 54(b) which reads: "when multiple parties are involved, the court may direct the entry of a final judgment as to one ... of the [ ] parties ... upon an express direction that there is no just reason for delay and upon an express direction for the entry of judgment."

This court finds no reason to delay entering a final judgement dismissing Kelley from this case. As this court discussed in its May 17, 1996 opinion, the law leaves little doubt that Collins does not have a viable claim

against Sheriff Kelley in either his personal or official capacity. Therefore, we will grant plaintiff's motion and enter a final order under Rule 54(b). Since Kelley is no longer a party, the issue facing this court becomes whether a non-party may utilize the work product doctrine. We hold that he may not.

■ While the notion of a non-party asserting the work product privilege has been adopted on one occasion by a district court in this circuit, that decision was an aberration. *Arkwright Mut. Ins. Co. v. National Union Fire Ins.*, 771 F.Supp. 149, 150–51 (S.D.W.Va.1991). In fact, that same court considering the case on remand observed that it "did not state the rationale for applying Rule 26(b)(3) [to non-parties] ... and the conclusion is contrary to the Rule and established precedent." *Arkwright Mut. Ins. Co. v. National Union Fire Ins.*, 148 F.R.D. 552, 554 (S.D.W.Va.1993) (citing *Federal Trade Comm'n v. Grolier, Inc.*, 462 U.S. 19, 25, 103 S.Ct. 2209, 2213, 76 L.Ed.2d 387 (1983) ("the literal language of the Rule protects materials prepared for any litigation or trial as long as they were prepared by or for a party to the subsequent litigation")). The *Arkwright Mutual* court stated that while its initial decision that the a non-party may utilize the work product doctrine was the law of that case, the court feared that the incorrect "veiled holding that Rule 26(b)(3) applies to non-parties" would be expanded. *Arkwright Mut. Ins. Co.*, 148 F.R.D. at 554.

These concerns have not been realized as courts have repeatedly held that only a party to the litigation can invoke Rule 26(b)(3). *See e.g., Duck v. Warren*, 160 F.R.D. 80, 82 (E.D.Va.1995); *Rickman v. Deere & Co.*, 154 F.R.D. 137, 138 (E.D.Va.1993), *aff'd*, 36 F.3d 1093 (4th Cir.1994); *Johnson v. Standex Int'l Corp.*, 153 F.R.D. 80, 83 (E.D.Va.1994); *In re Cal. Pub. Util. Comm'n*, 892 F.2d 778, 781 (9th Cir.1989); *Hawkins v. South Plains Int'l Trucks, Inc.*, 139 F.R.D. 682, 684 (D.Colo.1991). Work product protection was intended to encompass documents prepared by a party or someone acting on the party's behalf to aid that party in the litigation. *Rickman*, 154 F.R.D. at 138. The witness statements in the possession of the Sheriff Kelley do not fit this description.

■ Finally, neither Kelley's proximity to this litigation, nor the alleged duplicative nature of the statements present a compelling reason for this court to exercise its discretion and issue a protective order prohibiting discovery of the witness statements.[2]

## IV. Conclusion.

Defendant's assertion of the work product privilege fails for two reasons. First, the defendant has not established that the threat of litigation was the driving force behind the collection of the witness statements. For the most part, the statements were obtained pursuant to normal practices of conducting internal investigations after a formal complaint is filed. The mere possibility of litigation is insufficient to prevent disclosure. Second, only a party may invoke the work product doctrine. Since Sheriff Kelley has been dismissed from the case pursuant to Fed. R.Civ.P. 54(b), he may not assert work product protection. The court also finds no compelling reason to issue a protective order.

Accordingly, the plaintiff's motions to compel discovery and to enter a final judgment dismissing Kelley are granted. The defendant's motion for a protective order is denied. Defendant's counsel is hereby ordered to produce the witness statements to plaintiff's counsel within seven (7) days.

## ORDER

For the reasons set forth in the Memorandum Opinion entered this day, it is hereby ORDERED and ADJUDGED that Bill Kelley is dismissed from this case with prejudice pursuant to Fed.R.Civ.P. 54(b). In addition, it is ORDERED and ADJUDGED that plaintiff's motion to compel discovery is

**2.** Non-opinion materials subject to work product protection may still be discoverable if the party seeking their discovery has "substantial need of the materials in the preparation of the party's case and [] the party is unable without undue hardship to obtain the substantial equivalent by materials by other means." Fed.R.Civ.P. 26(b)(3). Not surprisingly, the parties disagree as to whether the plaintiff has shown the requisite need. Because we conclude that the witness statements are not shielded from discovery by Rule 26(b), we need not address this issue.

granted, and that defendant's motion for a protective order is denied. Defendant Kelley's counsel shall produce the witness statements to plaintiff's counsel within twenty-one (21) days.

The clerk is hereby directed to send a copy of this Order to counsel of record.