Doris MILLER, Plaintiff,

v.

FORD MOTOR COMPANY, Defendant.

No. Civ.A.1:98–0334.

United States District Court,
S.D. West Virginia,
Bluefield Division.

Jan. 29, 1999.

R. Thomas Czarnik, Princeton, WV, for plaintiff.

Andrew Cook, for defendant.

### ORDER

FEINBERG, United States Magistrate Judge.

Pending before the court is Defendant Ford Motor Company's Motion to Compel. Defendant seeks production of documents (or a detailed list of such documents) obtained by counsel for Plaintiff from the American Trial Lawyers Association ("ATLA") concerning the alleged propensity of certain Ford-manufactured vehicles' transmissions to be in "Illusory Park" rather than "Park." Defendant cites in support of its Motion the decisions in *Bartley v. Isuzu Motors Ltd.*, 158 F.R.D. 165 (D.Colo.1994), *Bohannon v. Honda Motor Co.*, 127 F.R.D. 536 (D.Kan.1989), and *Hendrick v. Avis Rent A Car System, Inc.*, 916 F.Supp. 256 (W.D.N.Y.1996).

Plaintiff resists the Motion, asserting that the materials obtained from ATLA are subject to the work product privilege and that Ford is attempting to discern Plaintiff's counsel's mental processes and decisions in the pending case. Plaintiff also contends that the materials are readily obtainable from Ford itself. In support of her position, Plaintiff cites *Darnell v. McMurray*, 141 F.R.D. 433 (W.D.Va.1992).

Rule 26(b), Fed.R.Civ. Pro., provides that

(3) ... a party may obtain discovery of documents and tangible things ... prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative ... only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

A party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party. Upon request, a person not a party may obtain without the required showing a statement concerning the action or its subject matter previously made by that person. ***

In *National Union Fire Insurance Co. v. Murray Sheet Metal Co.*, 967 F.2d 980 (4th Cir.1992), the Fourth Circuit directed district courts to determine first whether the documents or things were prepared in anticipation of litigation or for trial.

If so and if the documents embody opinions and theories about the litigation, discovery is refused without further inquiry. If opinions and theories about the litigation are only part of a document otherwise discoverable, the court may require production of a redacted copy. With regard to other documents falling within the scope of Rule 26(b)(3), the court must determine whether the requesting party has a substantial need for them, taking into account their relevance and importance and the availability of the facts from other sources. 967 F.2d at 985.

The party invoking the work product privilege, in this case, the plaintiff, has the burden of proving its application. *Sandberg v. Virginia Bankshares, Inc.*, 979 F.2d 332, 355 (4th Cir.1992). Plaintiff has not complied with Rule 26(b)(5), which requires that a claim be made expressly, with a description of the nature of the documents not produced. However, at the hearing on the Motion to Compel, counsel for Plaintiff produced such a list. Accordingly, the court will proceed to the merits.

For a document to be covered by the work product privilege, three elements must

be met. The material must be (1) otherwise discoverable, and (2) prepared in anticipation of litigation, (3) by a party to the lawsuit (or a party's representative). *Collins v. Mullins,* 170 F.R.D. 132, 134–36 (W.D.Va.1996); *Darnell v. McMurray,* 141 F.R.D. at 435; *Bartley v. Isuzu Motors Ltd.,* 158 F.R.D. at 167.

There is no dispute that the ATLA documents are "otherwise discoverable" and that they were "prepared in anticipation of litigation" other than this case. Plaintiff describes the documents as "materials originally discovered in other cases from the defendant itself and court pleadings, depositions and discovery in other cases against the defendant itself." (Pl.'s Mem., at 1.) The court finds that the documents were not, however, prepared by or for Plaintiff or her representative in anticipation of this litigation. Accordingly, the three elements are not met and the ATLA documents are not protected by the work product privilege; further inquiry as to "substantial need" is not required.

Other courts which have addressed this issue have reached similar conclusions. In *Bohannon v. Honda Motor Co.,* 127 F.R.D. at 538–39, the District Court of Kansas held that documents from an all-terrain vehicle litigation group were not work product because they were not "prepared by or on behalf of plaintiff." In *Bartley v. Isuzu Motors Ltd.,* 158 F.R.D. at 167, the District Court of Colorado held that documents obtained from a litigation clearinghouse operated by ATLA concerning the Isuzu Trooper and its alleged design defects were not prepared in anticipation of the *Bartley* litigation, and were not prepared by or for plaintiff or his counsel in the *Bartley* case. In *Hendrick v. Avis Rent A Car System, Inc.,* 916 F.Supp. at 259, a case involving alleged design defects in a Geo Prizm, the District Court in the Western District of New York held that documents obtained by counsel for plaintiff from cases involving General Motors vehicles were prepared in connection with other litigation, and were not prepared or created by plaintiff's counsel.

The case on which Plaintiff relies, *Darnell v. McMurray,* 141 F.R.D. 433, is not on point. *Darnell* concerned a request for pro-

duction of a state police report of an internal investigation following discharge of a weapon by a trooper. The District Court held that the report was not prepared in anticipation of litigation, but was written under normal operating procedure. 141 F.R.D. at 435–36.

To the extent that the ATLA documents include depositions, trial testimony, and "statements," as defined by Rule 26(b), of Ford Motor Company officers, directors and employees concerning Ford transmissions with alleged "Illusory Park," they are discoverable by Ford. *Hendrick,* 916 F.Supp. at 259.

Plaintiff is correct in her assertion that Ford probably has copies of the ATLA documents. Accordingly, Plaintiff will not be required to provide copies of the ATLA documents to counsel for Defendant. However, Plaintiff is required to provide a detailed list of the documents received from ATLA; if Plaintiff would prefer, Plaintiff may give counsel for Ford the opportunity to inspect and copy the documents at Ford's expense.

For the foregoing reasons, it is it is hereby **ORDERED** that Defendant's Motion to Compel is granted. Disclosure of the ATLA documents shall occur within two weeks of the entry of this Order. The parties shall bear their own costs.

The Clerk is requested to mail copies of this Order to all counsel of record.