**Thomas MAHONEY, Frances Mahoney,**

v.

**Frederick KEMPTON, Kenneth B. Sprague, Keith Hanson, etc., Town of Marshfield, Massachusetts.**

**Civ. A. No. 91–11869–H.**

United States District Court, D. Massachusetts.

March 24, 1992.

Robert A. Griffith, Harvey A. Schwartz, Schwartz, Shaw & Griffith, Boston, Mass., for plaintiffs.

Leonard H. Kesten, Morrison, Mahoney & Miller, Boston, Mass., for defendants.

MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION TO COMPEL FURTHER ANSWERS TO INTERROGATORIES FROM DEFENDANTS FREDERICK KEMPTON, KEITH HANSON AND KENNETH P. SPRAGUE (# 18)

COLLINGS, Magistrate Judge.

The instant case is a civil rights action brought pursuant to 42 U.S.C. § 1983 against several police officers of the Town of Marshfield and the municipality itself. The plaintiffs served interrogatories on counsel for the defendants on July 18, 1991. Pursuant to Rule 33(a), Fed.R.Civ. P., answers and/or objections were due within thirty (30) days. None were forthcoming. At a Scheduling Conference on January 16, 1992, I allowed the defendants an extension of time until January 24, 1992 to serve answers. No answers were filed by that date. The answers were finally served sometime in February, 1992.

■ In responding to interrogatories ## 18, 19, 21, 22 and 24, defendants answered by referring to their testimony at prior criminal trials at which the plaintiffs and their neighbors were charged with criminal offenses as a result of the incident which forms the basis of plaintiffs' complaint in the instant case. This response was totally improper. With the exception of Rule 33(c), Fed.R.Civ.P., which was not invoked in this case, interrogatory answers must be complete in and of themselves; other documents or pleadings may not be incorporated into an answer by reference.

■ Defendants complain that until plaintiffs provide them with the tapes and a transcript of their testimony at the criminal trials, they should not be required to answer. They further complain that in a document request which they served on August 15, 1991 on plaintiffs' counsel, they sought the tapes and transcripts but plaintiffs have never responded to the request nor produced the tapes and/or transcripts. There is some indication that counsel for the plaintiffs agreed to provide the transcripts on a cost-sharing basis on the belief that defendants' counsel had his own set of the tapes. When plaintiffs' counsel learned that defendants' counsel did not have a copy of the tapes, he declined to produce them until after the interrogatories were fully answered. Evidently, other than the tapes possessed by plaintiffs' counsel, there are no copies of the tapes currently available from other sources.

Regardless of what the discussions between counsel were about the tapes and transcripts, it is clear from defendants' counsel's affidavit (# 21) that he knew, prior to the date by which he served the answers to interrogatories in February, 1992, that plaintiffs' counsel would not provide him with a copy of the tapes or transcripts. Faced with this situation, defendants' counsel simply filed improper answers referencing the trial transcripts. I find that defendants' counsel actions were improper. If, after good faith negotiations, defendants' counsel knew that plaintiffs' counsel was not going to comply with his document request and that he needed the tapes and/or transcripts to answer the interrogatories, he should have filed (1) a motion to compel plaintiffs' counsel to turn over the tapes and/or transcript to him and (2) a motion for a further extension of time to serve answers to interrogatories, asserting the lack of the tapes and/or transcript as reason for the requested extension. In fact, even as of today, with the instant motion to compel before the Court, defendants' counsel has not moved to compel the production of the tapes and/or transcript. Rather, what he has done and continues to do is unilaterally refuse to provide proper answers on the asserted basis that the plaintiffs have failed to provide requested discovery to him. He takes this stance without seeking any relief from the Court. This is not in keeping with the Federal Rules of Civil Procedure and is not to be countenanced. Parties to a lawsuit cannot, without seeking some sort of relief from the Court, refuse to provide discovery to another party on the basis that the other party has not provided discovery to them.

Accordingly, it is ORDERED that Plaintiffs' Motion To Compel Further Answers To Interrogatories From Defendants Frederick Kempton, Keith Hanson And Kenneth

B. Sprague (# 18) be, and the same hereby is, ALLOWED as to interrogatories ## 18, 19, 21, 22 and 24 and DENIED without prejudice as to interrogatory # 20. The defendants are ORDERED, pursuant to Rule 37(a)(2), Fed.R.Civ.P., to serve full and complete answers to interrogatories ## 18, 19, 21, 22 and 24 *on or before the close of business on Monday, June 1, 1992.* Each interrogatory answer must be full and complete within itself and shall not refer or incorporate by reference any other document or pleading.

I note that it is not fundamentally unfair *per se* to require a party to provide answers to interrogatories or submit to a deposition merely because a prior statement of the party is in the hands of the party seeking discovery and has not been disclosed. *Cf. Willard v. Constellation Fishing Corp.*, 136 F.R.D. 28, 30 (D.Mass., 1991) (discussing Rule 26(b)(3), Fed.R.Civ.P.)

However, in the exercise of my discretion, I do not compel an answer to interrogatory # 20 which, rather than asking what happened at the time of the incident, asks whether any prior statements made on the subject, including presumably statements made during testifying at the criminal trials, are inaccurate. I will permit the defendants to move to compel the production of the tapes and/or transcript before compelling an answer to that interrogatory.