Roger D. BARTLEY, Plaintiff,

and

Sun Insurance Office of America, Inc.,
f/k/a Sun Insurance Office, Ltd.,
Plaintiff–Intervenor,

v.

ISUZU MOTORS LIMITED and
American Isuzu Motors,
Inc., Defendants.

No. 92–Z–2529.

United States District Court,
D. Colorado.

June 28, 1994.

John L. Breit, Warren B. Bosch, Breit, Best, Richman and Bosch, Denver, CO, for plaintiff Bartley.

Heidi Harpoiski, for plaintiff-intervenor Sun Ins.

William L. Senter, Peter H. Doherty, Greengard, Senter Goldfarb & Rice, Denver, CO, Peter F. Jones, Susan Trout, Christopher Spencer, Hall & Evans, Washington, DC, for defendants.

## MEMORANDUM OPINION AND ORDER

BORCHERS, United States Magistrate Judge.

THIS MATTER came before the Court on June 21, 1994 for hearing on Defendant's motion to compel, as well as other discovery motions. The Court heard argument from counsel and then took all motions under advisement. This Memorandum Opinion will deal with Defendants' motion to compel, as other motions have been resolved by a previously issued order. Further argument will be waived.

### I.

This case arose out of an automobile-bus accident that occurred on December 12, 1990 in Vail, Colorado. Plaintiff Roger Bartley (Plaintiff) was driving a 1986 Isuzu Trooper on the access road that parallels Interstate 70 when his vehicle started to slide. It was snowing at the time, and ice had formed on the road.

Plaintiff slid out of control in a counter-clockwise direction. The right rear corner of the Trooper then hit a bus operated by the Beaver Creek Transit system. Plaintiff was ejected through the right rear side window. It is alleged that this ejection was the result of a failure in the driver's seat. Plaintiff suffered significant medical injuries as a result of the accident.

Plaintiff commenced this action against Defendants on the basis that the Trooper had design defects.[1] Plaintiff has alleged that design defects existed in the braking system, in the inherent stability characteristics of the vehicle, in the front seat design and construction, the glazing of the right rear window, and in the size of the right rear window. Defendants have denied that any defect existed in the Trooper or in its design.

Defendants filed the motion to compel further answers to interrogatories and requests for production of documents. Plaintiff has opposed the motion.

### II.

Defendants filed this motion seeking an order to compel production of additional documents. Plaintiff has resisted this part of the motion, arguing that the work-product doctrine applies to these documents.

Defendants have requested production of all Isuzu documents and depositions presently in the possession of Plaintiff's counsel. These documents purportedly were obtained by counsel for Plaintiff through various sources, including possibly the litigation clearinghouse operated by the American Tri-

---

1. Plaintiff–Intervenor Sun Insurance Office provided insurance coverage for Plaintiff. It seeks to recover for the expenses it has incurred in the care and medical treatment of Plaintiff. Plain-tiff–Intervenor's position as to the discovery motions is essentially the same as that of Plaintiff, and only Plaintiff's position will be discussed in this Memorandum Opinion.

al Lawyers Association (ATLA). Plaintiff and his counsel do not dispute that they have received such documents, but argue that the work-product doctrine applies and that these documents need not be produced.

The compilation and selection of any documents used to prepare this case are part of Plaintiff's investigation. Documents compiled in anticipation of litigation or for trial are protected from discovery absent the required showing of "substantial need" and "undue hardship." Plaintiff's Response to Motion to Compel, p. 2. It is argued also that these documents are easily accessible by Defendants, as they were involved in the litigation and have most of these documents in their possession.

Defendants have relied upon the decision in *Bohannon v. Honda Motor Company*, 127 F.R.D. 536 (D.Kan.1989). In that case, the court was presented with the argument that documents secured through ATLA and other sources were protected. That argument was rejected for the most part by the court. Defendants argue that no work-product doctrine can apply since the documents were prepared by someone else. Mere selection through a third-party source does not qualify under the doctrine.

The Court has been referred to no other cases dealing with this exact point and has found none in independent research. The Court has reviewed the *Bohannon* decision carefully and believes that it does provide some guidance. For this Court, the issue appears to be one of first impression.

There appears to be no dispute that Plaintiff's counsel has secured various documents that were generated in other cases involving these Defendants. The issues in other cases may well be the same as those detailed in the complaint in this case. Defendants want to know what documents have been secured by Plaintiff and his counsel, and to have an opportunity to review them. Plaintiff has provided no privilege log or other list that would even indicate what documents are possessed that have not been made available for inspection.

■ In order for documents to qualify as exempt from discovery under the work prod-

uct doctrine, the material must be documents or other tangible things, must be prepared in anticipation of litigation, and must be prepared by or for a party or his counsel. *Fed. R.Civ.P.* 26(b)(3). In this case, there are documents or other tangible items. The documents were secured from other sources, such as ATLA, and were not prepared in anticipation of this particular litigation. The documents were not prepared by or for Plaintiff or his counsel in this litigation.

■ This Court agrees with Defendants that documents obtained from a litigation group, such as ATLA, are not subject to the work product doctrine. The Court disagrees, in part, with the decision in *Bohannon* to the extent that documents obtained now may contain work product, if counsel for Plaintiff has made notes on those documents.

■ Further, the Court agrees, in part, with Plaintiff's argument that all of the documents already should be in Defendants' control. A deposition from another case will be in the possession of Defendants' counsel in that case. The deposition or other document is available to Defendants from that case. Plaintiff need not initially provide access to the documents, but shall provide a detailed list of those documents from Isuzu in the possession of Plaintiff or his counsel and also a list of depositions that are also in the possession of counsel for Plaintiff.

### III.

■ Defendants have moved also for an order to compel further answers to interrogatories. Plaintiff has responded to Interrogatory # 3–4 and Request for Production # 1 and # 10–12 (Third Set) by stating that the information provided is the best available at this time. Specifically, Plaintiff states that expanded answers are not available until additional discovery is provided by Defendants.

■ Discovery requests must be answered to the best ability of a party. Supplementation must occur as to discovery responses as a case progresses and previous answers change. A party cannot wait until all discovery is completed to respond to a request of another party. On the other hand, there is information in this case that Plaintiff has not

received. It would appear that these discovery responses are sufficient at this time, and supplementation may be provided later.

## IV.

 Defendants requested that Plaintiff identify regulations and standards believed applicable to the 1986 Trooper. Plaintiff responded by stating that the information was available to Defendants and that Defendants should know this information already.

This Court agrees with Defendants that this response is not proper. *See Bohannon v. Honda Motor Co., supra* at p. 541; *Burton Mechanical Contractors v. Foreman,* 148 F.R.D. 230 (N.D.Ind.1992). Plaintiff must indicate what standards and regulations he believes are applicable to this case.[2] If additional standards and regulations appear applicable, then supplementation may be made to discovery. If Plaintiff is relying solely on those standards and regulations previously detailed, then Plaintiff may so state.

## V.

Defendants have moved for an order compelling a further answer to Interrogatory # 7. Defendants claim that Plaintiff and his counsel have only provided "exemplary documents," suggesting that "a calculated and sanitized response" has been provided.

Plaintiff has responded by indicating that the answer refers to documents set forth in the answer to Interrogatory # 6. Plaintiff claims that there is no additional supplementation that can be provided at this time.

The Court is satisfied that Plaintiff has provided a sufficient answer to this interrogatory. Supplementation will be required if additional information is determined during the course of discovery.

IT IS HEREBY ORDERED that Defendants' motion to compel is granted, in part, as set forth in this Memorandum Opinion; and

IT IS FURTHER ORDERED that each party shall pay their own attorney's fees and costs as to this motion.

---

**2.** To the extent Defendants may be requesting standards and regulations applicable to the 1986 Trooper as a whole, the Court agrees with Plain-

tiff that only those applicable to the claims in this case need be provided.