**In re SAVITT/ADLER LITIGATION.**

**No. 95–CV–1842(RSP)(DRH).**

United States District Court,
N.D. New York.

Oct. 3, 1997.

Sue H.R. Adler, Albany, NY, for Plaintiff Savitt.

Meredith H. Savitt, Delmar, NY, for Plaintiff Adler.

Snitow & Pauley (Franklin H. Snitow, Charles D. Cunningham, of counsel), New York City, for Defendants.

## MEMORANDUM–DECISION AND ORDER

HOMER, United States Magistrate Judge.

Presently pending are the motions of defendants in the above captioned cases for orders pursuant to Fed.R.Civ.P. 37(a) compelling plaintiffs Sue H.R. Adler and Meredith H. Savitt to supplement their answers to certain interrogatories. Docket Nos. 211 & 212. For the reasons which follow, defen-

1. *Savitt* interrogatory nos. 37–48; *Adler* interrogatory nos. 47–62.

dants' motions are granted in part and denied in part.

## I.  Background

In a decision dated June 24, 1997, United States District Judge Rosemary S. Pooler directed defendants to serve plaintiffs with interrogatories concerning questions to which plaintiffs had objected during the deposition of plaintiff Adler on the ground of the attorney work product doctrine. *In re Savitt/Adler Litigation,* No. 95–CV–1842, 1997 WL 369387, at *5–6 (N.D.N.Y. June 24,1997). Familiarity with that decision is assumed. On July 8, 1997, defendants served plaintiff Savitt with "defendants' second set of interrogatories" ("*Savitt* interrogatories") and served plaintiff Adler with "defendants' third set of interrogatories" ("*Adler* interrogatories"). The two sets of interrogatories, identical in all material respects, ask plaintiffs to "state the facts ... which support the allegation[s]" that (1) each named defendant personally participated in the employment decision concerning that plaintiff,[1] and (2) "the defendants made employment decisions ... based on endorsements by members of the Republican Party."[2]  These interrogatories each asked for facts obtained (a) in that plaintiff's personal capacity and (b) in any capacity except that protected by the attorney-client privilege (i.e., in their capacities as attorneys). Docket Nos. 211, Ex. C & 212, Ex. C.

Plaintiff Savitt provided responses which included assertions of fact and belief, identifications of documents obtained during discovery which contained relevant information and references to transcripts of depositions. She also objected to those interrogatories which sought information obtained in her capacity as an attorney on grounds of the attorney work product doctrine and vagueness. Plaintiff Adler referred defendants to her answers to a prior set of interrogatories and to transcripts of depositions in these cases and discovery produced to plaintiffs by defendants. She also objected to those interrogatories which sought information obtained in her

2. *Savitt* interrogatory nos. 49–50; *Adler* interrogatory nos. 63–64.

capacity as an attorney on the ground of the attorney work product doctrine.

Defendants now challenge all responses to the Savitt interrogatories and the responses to those *Adler* interrogatories seeking facts obtained in plaintiffs capacity as an attorney.[3]

## II. Discussion

### A. Plaintiffs' Work Product Doctrine Objection

Both plaintiffs have objected to the interrogatories on the ground that they seek disclosure of information protected by the work product doctrine. Their claim arises from the unusual circumstance that the plaintiffs, both attorneys, represent each other in their respective actions. Thus, each plaintiff contends that where an interrogatory seeks disclosure of information obtained by that plaintiff in the course of her representation of the other plaintiff, that information is protected from disclosure by the doctrine. The plaintiffs argue this position in memoranda of law submitted to the district court and incorporated here by reference. Docket Nos. 175 & 182.

■ As a threshold matter, defendants respond that this objection has already been denied by the district court in its June 24 decision. As defendants noted, the district court did state that my prior order directing plaintiffs to provide the information to which they objected was not clearly erroneous or contrary to law. *In re Savitt/Adler Litigation,* 1997 WL 369387, at *6. However, the district court also stated that it was unable to conduct a proper analysis on the record before it and mandated the procedures leading to the interrogatories at issue herein. The procedure included permission for the plaintiffs to assert "specific legal objections" to interrogatories, for me to rule on any such objections and for an appeal to the district court of any such ruling. *Id.* & n. 16. In these circumstances it is clear that the district court specifically authorized the objections raised here by plaintiffs. Accordingly, defendants argument on this ground is re-

jected and plaintiffs' objections will be considered on their merits.

As to the doctrine itself, in *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), the Supreme Court gave rise to the work product doctrine codified in Fed. R.Civ.P. 26(b)(3), which states in pertinent part:

[A] party may obtain discovery of documents and tangible things otherwise discoverable ... and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative ... only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

■ That rule distinguishes between matters revealing the thought processes of a party's representative and factual information obtained in anticipation of litigation. Substantial protection is afforded the first category. Limited protection is afforded the second. *Chiasson v. Zapata Gulf Marine Corp.* 988 F.2d 513, 514 n. 2 (5th Cir.1993), *cert. denied,* 511 U.S. 1029, 114 S.Ct. 1536, 128 L.Ed.2d 189 (1994). The limited protection for factual information serves to prevent exploitation of the efforts of another party in preparing for litigation, *see Diamond State Ins. Co. v. Rebel Oil Co., Inc.,* 157 F.R.D. 691, 699 (D.Nev.1994), and to permit a party to prepare for trial without fear that its thought processes will be disclosed to another party. *See Redvanly v. NYNEX Corp.,* 152 F.R.D. 460, 463 (S.D.N.Y.1993).

■ Material falls within the scope of the work product doctrine if it satisfies three criteria. First, the material must be a document or tangible thing. Second, it must have been prepared in anticipation of litigation.

---

**3.** *Adler* interrogatory nos. 48, 50, 52, 54, 56, 58, 60, 62 and 64.

Third, it must have been prepared by or for a party or its representative. *Bartley v. Isuzu Motors Ltd.*, 158 F.R.D. 165, 167 (D.Colo.1994). The initial burden of establishing these elements rests with the party asserting the protection of the doctrine. *Ward v. CSX Transp., Inc.*, 161 F.R.D. 38, 40 (E.D.N.C.1995).

Plaintiffs have failed to establish either the first or the third of these elements.

■ As to the first element, defendants' interrogatories each direct the plaintiffs to state the facts which support the contentions in their complaints that the individually named defendants were personally involved in the employment decisions regarding plaintiffs and that employment decisions were made based on political "endorsements." These interrogatories are entirely appropriate. *Bohannon v. Honda Motor Company Limited*, 127 F.R.D. 536, 538 (D.Kan.1989) (interrogatories may inquire into party's contentions); *Sargent–Welch Scientific Co. v. Ventron Corp.*, 59 F.R.D. 500, 503 (N.D.Ill. 1973) (same). The interrogatories seek facts, not documents or tangible objects, and the proper form of response is a narrative answer, not a reference to documents or objects where the answers might be found. On this ground alone, then, plaintiffs' work product objection must be rejected.

■ As to the third element, the information in question was obtained by each plaintiff in her capacity as attorney for the other. In a technical sense, therefore, it was obtained by each, in their capacities as attorneys, for use in the cases in which they appeared as attorneys, not plaintiffs. Where the interrogatories have been served upon a plaintiff concerning only the case in which she stands as a plaintiff, information obtained by a plaintiff while serving as counsel in the other case is not protected here by the work product doctrine because it was not obtained for use in that case. *See Hendrick v. Avis Rent A Car System, Inc.*, 916 F.Supp. 256, 258–59 (W.D.N.Y.1996) ("The sharing of in-

formation among similarly situated plaintiffs does not, however, shield the information exchanged from disclosure pursuant to the discovery provisions of the Federal Rules of Civil Procedure."): *Bartley v. Isuzu Motors*, 158 F.R.D. at 167; *Bohannon v. Honda Motor Company Limited*, 127 F.R.D. at 539. Thus, plaintiffs' objections fail on this ground as well.

■ Finally, even assuming that the work product doctrine may apply here to the facts sought by defendants, disclosure of those facts to defendants is still appropriate. Under Rule 26(b)(3), factual matters governed by the work product doctrine may be disclosed to an adversary if the adversary can demonstrate "substantial need of the material" and "undue hardship to obtain the substantial equivalent of the materials by other means." See *Miller v. Pancucci*, 141 F.R.D. 292, 303 (C.D.Cal.1992). Defendants here must determine the bases for the principal factual allegations in the complaints in order to prepare appropriate motions and defenses. While defendants may speculate as to those bases and even identify from their own knowledge of the cases what those bases may be, it is only from plaintiffs themselves that these bases can be reliably determined. Where, as here, critical information is in the sole possession of an adversary, the interrogating party has satisfied its burden of establishing both substantial hardship and undue burden. For this reason as well, then, plaintiffs' work product objections must be overruled and the information sought must be disclosed.[4]

### B. Sufficiency of Plaintiffs' Responses

Although both plaintiffs objected to the interrogatories as discussed above, each provided substantive answers following the statement of their objections. In response to defendants' challenges to the sufficiency of those responses, both plaintiffs contend in part that their responses suffice under Fed. R.Civ.P. 33(d). Therefore, before consider-

---

4. Plaintiff Savitt also objected to the interrogatories to her in her capacity as an attorney on the ground of vagueness. Docket No 212, Ex. C, Int. Nos. 38, 40, 42, 44, 46, 48 and 50. A fair reading of those interrogatories, however, indicates that they are each specific as to subject matter, time period and information sought. Accordingly, plaintiff Savitt's objection on this ground is also rejected.

ing the sufficiency of each plaintiffs responses, plaintiffs' use of Rule 33(d) must be considered.

### 1. Responses Under Rule 33(d)

■ The responses of both plaintiffs include, in whole or in part, directions to defendants to refer to the transcripts of the depositions of the plaintiffs and others, as well as to various other materials obtained by plaintiffs from defendants during discovery in these cases.[5] In response to defendants' challenges, both plaintiffs contend that such responses are authorized by Rule 33(d). Docket Nos. 216, ¶¶ 5–8; 219, pp. 4–7.

Rule 33(b)(1) requires that "[e]ach interrogatory shall be answered separately and fully." However, Rule 33(d)[6] states in pertinent part:

> When the answer to an interrogatory may be derived or ascertained from *the business records of the party upon whom the interrogatory has been served* ..., and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained.... A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.

(Emphasis added). In so far as relevant here, then, the invocation of Rule 33(d) requires at least that (1) the answer to an interrogatory can be derived from records, and (2) the records provided in answer to an interrogatory be the business records of the answering party. Both plaintiffs here fail to meet either of these requirements.

First, the answers to the interrogatories cannot fairly be derived from the records to which plaintiffs refer. Each of the interrogatories at issue directs a plaintiff to "state the facts" supporting various allegations in her complaint. None of the interrogatories ask for the evidence or documents supporting those allegations. Given the particular interrogatories, then, Rule 33(b) required that they be answered "separately and fully,"[7] and the resort to Rule 33(d) in response to these interrogatories was inappropriate. *See United States v. Dist. Council of New York City*, No. 90 Civ. 5722(CSH), 1992 WL 188379, at *5 (S.D.N.Y. July 30, 1992) ("Where the interrogating party makes a request for an answer to certain questions, a [party] responds inappropriately by merely designating documents because the interrogatory did not call for business records"); *Mahoney v. Kempton*, 142 F.R.D. 32, 33 (D.Mass.1992) ("totally improper" for party to designate its testimony at prior trial in response to interrogatories); *Smith v. Logansport Comm. Sch. Corp.*, 139 F.R.D. 637, 650 (N.D.Ind.1991) (reference to depositions in response to interrogatories seeking factual bases for allegations in complaint was "evasive and clearly insufficient"). The use of Rule 33(d) in responding to the interrogatories at issue here was, therefore, improper.

Second, the records to which plaintiffs refer in their responses are not their business records as required for use of Rule 33(d). The records referred to by plaintiffs include depositions, answers to interrogatories by other parties and documents produced by defendants during discovery. None of these documents constitute business records of plaintiffs and, therefore, references to those documents and materials by plaintiffs in response to interrogatories was improper. *See Continental Illinois Nat. Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 687 (D.Kan.1991) (Rule 33(d) "does not mention deposition transcripts, documents or writings

---

5. For example, in response to an interrogatory requesting her to state the facts, obtained as an attorney, supporting her contention that defendant Dennis C. Vacco personally participate din the employment decision concerning her, plaintiff Adler responded in principal part that "plaintiff refers defendants to the testimony provided at the depositions of defendants Berens, Alden, Flynn, Hicks, Rossetti, Elovich and Tatro...." Docket No. 211, Ex. C, Int. No. 48.

6. This rule was originally codified in 1970 as subsection (c). It was redesignated as subsection (d) in 1993. Fed.R.Civ.P. 33 advisory committee's note.

7. The district court's decision also required plaintiffs to answer the interrogatories "as specifically as possible." *In re Savitt/Adler Litigation*, 1997 WL 369387, at *6.

that were generated, or discovered, respectively, during the course of prior discovery in the same case...."); *M & L Bus. Machine Co., Inc. v. Kloepfer,* 184 B.R. 366, 369 (D.Colo.1995) (party's response to interrogatory improperly referred to third-party expert reports which were not the business records of that party). For this reason as well, therefore, plaintiffs' use of Rule 33(d) is improper.

■ Plaintiffs further contend, however, that if they are unable to exercise the option provided by Rule 33(d), they will be required themselves to comb the thousands of pages of deposition transcripts and documents in these cases to answer the interrogatories. First, plaintiffs misapprehend what is sought in these interrogatories. The interrogatories direct plaintiffs to "state the facts" supporting the contentions of the complaints. Those facts can and should be specifically and fully stated. The interrogatories do not ask plaintiffs to identify the sources of those facts or evidence which supports the facts. The burden which plaintiffs claim would be imposed without Rule 33(d), therefore, is greatly overstated. Second, even if a substantial burden is imposed on plaintiffs by these interrogatories, that burden is neither unreasonable nor unfair. The interrogatories are completely focused on the allegations of plaintiffs' complaints, information to which defendants are entitled to prepare their defenses. The extent of the burden thus bears a direct relationship to the extent of the allegations made by plaintiffs in their complaints and to the facts in the possession of plaintiffs which support the allegations.

For these reasons, then, plaintiffs' references to other documents in their answers to the interrogatories pursuant to Rule 33(d) was improper. The sufficiency of plaintiffs' responses, therefore, must be assessed in the absence of such improper references.

### 2. Sufficiency of Plaintiff Savitt's Responses

#### a. Interrogatory Nos. 37, 39, 41, 43, 45, 47 and 49

These interrogatories direct plaintiff to state the facts obtained in a personal capacity supporting the allegations in her complaint that the six individual defendants were each personally involved in the employment decision regarding plaintiff (nos. 37, 39, 41, 43, 45 and 47), and that employment decisions at the Department of Law were made based on political endorsements (no. 49). In her responses plaintiff stated certain facts and referred defendants in each response to the second day of her own deposition and additionally, in response to number 47, to a newspaper article.

■ Defendants challenge these responses solely on the ground that they incorporate by reference plaintiff's deposition testimony. Docket No. 212 at ¶¶ 11–13. As discussed above in subsection B(1), the references to that testimony, as well as to a newspaper article, are improper and must be disregarded in assessing the sufficiency of their responses. However, plaintiff's responses to each of these interrogatories each contain assertions of fact which suffice as responses independent of the references to other documents. Accordingly, defendants' motion to compel supplemental responses to these interrogatories is denied.[8]

#### b. Interrogatory Nos. 40 and 46

These interrogatories direct plaintiff to state the facts obtained in her capacity as an attorney which support the allegations in her complaint that defendants William Flynn (No. 40) and Susan Tatro (No. 46) were personally involved in the employment decision concerning plaintiff. In her response to the Flynn interrogatory, plaintiff stated objections, referred to other documents and stated, *inter alia,* that defendant Flynn

8. Defendants contend that because plaintiff prefaced her assertions of fact in response to interrogatory numbers. 41 and 45 with the qualification that the defendants in question were "believed" to have done what was stated. Such qualifications are pertinent to the sources of the assertions. Defendants directed plaintiff here to "state the facts," which she did. The fact that the source of those facts is her belief does not render those statements insufficient. A different conclusion might result if defendants had asked plaintiff to state the evidence establishing those facts.

"made termination decisions," "had authority from defendant Vacco to make termination decisions," and "directed defendant Page as to which AAGs defendant Page should have a termination letter prepared." In response to the Tatro interrogatory, plaintiff stated objections, referred to other documents and stated there were no other facts.

Defendants contend that these responses are insufficiently specific. Disregarding the objections and references to other documents, however, these responses state facts supporting the allegations of these defendants personal involvement. In the Flynn response, plaintiff gratuitously notes the sources of the factual assertions. In the Tatro response, plaintiff states that no such facts exist. Plaintiffs responses to each of these interrogatories contain assertions of fact, or the admission that no such facts exist, which suffice as responses independent of the references to other documents. Accordingly, defendants' motion to compel,supplemental responses to these interrogatories is also denied.

## C. Interrogatory Nos. 38, 42, 44 and 48

■ These interrogatories direct plaintiff to state the facts obtained in her capacity as an attorney which support the allegations in her complaint that defendants Dennis Vacco (No. 38), Donald Berens (No. 42), Salvatore Page (No. 44) and Tricia Troy Alden (No. 48) were personally involved in the employment decision concerning plaintiff. In her responses to each, plaintiff stated objections, referred to other documents and stated that the referenced documents and materials relate "to input into termination decisions and participation in meetings in which the decisions to terminate AAGs were made...."

Defendants contend that these responses are insufficiently specific. I agree. These statements fail to identify what "input" was given, when, where or to whom, the termination decisions involved or the participants in the meetings. Disregarding the objections and references to documents for the reasons set forth above, these assertions fail to satis-

fy even the minimal requirements for sufficiency in Rule 33(b)(1) (each interrogatory shall be answered "fully"). Moreover, the district court mandated this procedure as an alternative to a deposition of plaintiff on these issues. A deposition would have permitted defendants to inquire into these areas more fully. The district court directed, though, that the plaintiff "answer the questions as specifically as possible." *In re Savitt/Adler Litigation,* 1997 WL 369387, at *6. The need for specificity in plaintiffs responses was, therefore, made clear to plaintiff by the district court. In these circumstances, plaintiffs responses to these interrogatories falls well short of the required specificity. Accordingly, defendants' motion as to plaintiff's responses to these interrogatories is granted and plaintiff Savitt shall supplement those responses.

## d. Interrogatory No. 50

■ This interrogatory directs plaintiff to state the facts obtained in her capacity as an attorney which support the allegation in her complaint that defendants made employment decisions in the Department of Law based on political "endorsements." In her response, plaintiff stated objections and referred to other documents but stated no facts. Defendants object on the ground that the response is insufficiently specific. Docket No. 212 at ¶ 18. Disregarding the objections and references to other documents and materials, this response is devoid of any factual assertion and is, therefore, insufficient. Accordingly, defendants' motion as to plaintiffs response to this interrogatory is granted and plaintiff Savitt shall supplement this response.

## 3. Sufficiency of Plaintiff Adler's Responses

### a. Interrogatory Nos. 48, 50, 52, 54, 56, 58, 60 and 62

These interrogatories direct plaintiff to state the facts obtained in her capacity as an attorney[9] which support the allegations in her complaint that the eight individual defen-

---

[9]. Defendants posed the same interrogatories to plaintiff in her personal capacity. *See* Docket No. 211, Ex. C, Int. Nos. 47, 49, 51, 53, 55, 57, 59, 61 & 63. Defendants have not challenged plaintiffs responses to those interrogatories.

dants were personally involved in the employment decision concerning plaintiff. In her response to number 48, plaintiff stated an objection, referred to various depositions and incorporated by reference her response to interrogatory number 47. Interrogatory number 47 in turn referred defendants to plaintiffs responses to the same interrogatories which were included in defendants' second set of interrogatories. Plaintiffs response to interrogatory number 48 was then incorporated as plaintiff's response to each of interrogatory numbers 50, 52, 54, 56, 58, 60 and 62. Defendants contend that plaintiff's responses to these interrogatories are insufficiently specific.

■ Disregarding the objection and the references to depositions and other discovery materials, the sufficiency of plaintiff's responses to these interrogatories depends on the degree to which these interrogatories repeat those in defendants' second set of interrogatories [10] and, if identical, the sufficiency of those responses. Plaintiff served responses to defendants' second set of interrogatories on or about March 6, 1997. Docket No. 219, Ex. A at p. 9. A comparison of those interrogatories reveals that they are identical in all material respects [11] to those at issue here.[12] Accordingly, the factual assertions contained in those responses will be considered in assessing the sufficiency of plaintiffs responses challenged here.

Plaintiffs responses to the second set of interrogatories state objections and in several instances refer to deposition testimony and other discovery materials. Disregarding those objections and the references to other documents, however, those responses all also state facts responsive to the questions.[13] Thus, as of the date of those responses of March 6, 1997, those responses suffice.

■ Plaintiff has not sufficiently supplemented those responses, however, with facts, if any exist, obtained since those responses were served. She is required to do so for several reasons. First, each of these interrogatories seeks information obtained "through the date of your response to this interrogatory." Plaintiff's response was dated July 22, 1997. Second, plaintiffs responses to both the second and third sets of interrogatories all contain statements to the effect that other facts may also exist which have not been included in her responses.[14] Defen-

10. As discussed above, references to other documents in response to an interrogatory is generally improper. See subsection B(1) supra. Here, however, plaintiff contends that the interrogatories in defendants' second set are identical in all material respects to those at issue here. If so, requiring plaintiff to restate her responses rather than incorporate them by reference would mandate a complete restatement of responses where those responses already have been provided in sufficient and useable form. Accordingly, where defendants' third set of interrogatories reiterate interrogatories in defendants' second set of interrogatories in all material respects, the responses may be deemed a supplementation of the responses to the second set and plaintiffs incorporation of those responses will be permitted.

11. For example, in interrogatory number 36 of defendants' second set of interrogatories, defendants directed plaintiff to:
[s]tate the facts which support the allegation that defendant Vacco "personally participated in the decision to not issue an employment decision to plaintiff."
In interrogatory number 48 of defendants' third set of interrogatories, defendants directed plaintiff to:
[s]tate the facts which you obtained [as an attorney] which support the allegation that defendant Vacco personally participated in the decision not to issue an employment decision to you.

12. The second set makes no distinction as to how the facts were obtained while those in the third set distinguish between those facts obtained in plaintiffs personal capacity and those in her capacity as an attorney. However, plaintiffs responses to the second set were stated without qualification and include all facts known to plaintiff obtained in both her personal capacity and as an attorney. See Docket No. 219 at p. 2. Thus, while a distinction exists in the third set as to the two capacities, plaintiff answered the second set in both capacities. For all purposes at issue here, then, the two sets of interrogatories are identical in all material respects.

13. All are stated "upon information and belief." However, see footnote 8 supra.

14. In each of her responses to defendants' second set of interrogatories, plaintiff included the qualification that "[a]s these facts are solely within defendants' possession, plaintiff anticipates that additional facts will be uncovered during the course of ongoing discovery." In her response to interrogatory number 48 in the third set of interrogatories, incorporated by reference in each of the other responses at issue here, plaintiff

dants are entitled to a sufficient and, now that discovery has closed, final response from plaintiff to these interrogatories either as to the additional facts discovered since March 6, 1997 or that no such additional facts have been discovered. *See also* Fed.R.Civ.P. 26(e) (supplementation of discovery responses). Accordingly, defendants' motion is granted as to these interrogatories to the extent that plaintiff Adler shall supplement her responses to these interrogatories as to any additional facts discovered since March 6, 1997, or that no additional facts have been obtained.[15]

**b. Interrogatory No. 64**

■ This interrogatory directs plaintiff to state the facts obtained in her capacity as an attorney which support the allegation in her complaint that defendants made employment decisions in the Department of Law based on political "endorsements." In her response, plaintiff stated objections and referred to other documents but stated no facts. Defendants object on the ground that the response is insufficiently specific. Docket No. 211 at ¶¶ 14–15.

Plaintiff responds first that the facts of this matter are set forth in her response to interrogatory number 63, which sought the same information in plaintiffs personal capacity. Although plaintiffs responses are replete with references to her answers to other interrogatories, however, her answer to number 64 makes no reference to her response to the previous interrogatory. Moreover, number 64 seeks information obtained as an attorney and, in accordance with the district court's decision, thus seeks different information. Plaintiff also refers to other depositions, including her own, and documents where defendants may locate the information sought. Again, such a response is improper under Rule 33.

The defendants ask in interrogatory number 64, and are entitled to know, if plaintiff

stated that "[i]n addition, plaintiff refers defendants to the testimony provided at the depositions of defendants Berens, Alden, Flynn, Hicks, Rossetti, Elovich and Tatro *which postdated plaintiff's responses to defendants' Second Set of Interrogatories.*" (Emphasis added).

has obtained any facts other than those described in her response to number 63. Disregarding the objections and references to other documents and materials, this response is devoid of any factual assertion and is, therefore, insufficient. Accordingly, defendants' motion as to plaintiffs response to this interrogatory is granted and plaintiff Adler is directed to supplement this response.

**C. Award of Expenses**

Defendants seek awards of expenses in both cases under Fed.R.Civ.P. 37(a)(4)(A). That rule states in pertinent part that

> [i]f the motion [to compel] is granted ... the court shall, after affording an opportunity to be heard, require the party ... whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that ... the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Defendants' motion to compel has been granted here. Plaintiffs must now be afforded an opportunity to show why defendants' should not be awarded expenses incurred in making these motions. *See In re Savitt/Adler Litigation,* 1997 WL 369387, at *4 & n. 9. Accordingly, plaintiffs shall file and serve any opposition they have to defendants' requests for awards of expenses, and defendants shall be granted an opportunity to respond.

**III. Conclusion**

For the reasons stated above, it is hereby

**ORDERED** that in accordance with this decision:

15. Plaintiff claims that she has already provided this information to defendants in her deposition. Docket No. 219 at p. 3. However, as noted above, it is improper and insufficient for plaintiff to refer to deposition testimony, even her own, in response to an interrogatory. *See* subsection B(1) *supra.* That argument is, therefore, unavailing.

1. Defendants' motion to compel plaintiff Savitt to supplement her responses to defendants' Second Set of Interrogatories (Docket No. 212) is **GRANTED** in part and **DENIED** in part, and on or before **October 17, 1997,** plaintiff Savitt shall serve supplemental responses to defendants' interrogatory numbers 38, 42, 44, 48 and 50;

2. On or before **October 24, 1997,** plaintiff Savitt shall file and serve any pleadings in opposition to defendants' request for an award of expenses under Fed.R.Civ.P. 37(a)(4)(A), and defendants shall file and serve any response on or before **November 7, 1997;**

3. Defendants' motion to compel plaintiff Adler to supplement her responses to defendants' Third Set of Interrogatories (Docket No. 211) is **GRANTED** in part and **DENIED** in part, and on or before **October 17, 1997,** plaintiff Adler shall serve supplemental responses to defendants' interrogatory numbers 48, 50, 52, 54, 56, 58, 60, 62 and 64; and

4. On or before **October 24, 1997,** plaintiff Adler shall file and serve any pleadings in opposition to defendants' request for an award of expenses under Fed.R.Civ.P. 37(a)(4)(A), and defendants shall file and serve any response on or before **November 7, 1997.**

**IT IS SO ORDERED.**