[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR ORDER (#123)
This is a medical malpractice action in which the plaintiff's claim that the defendants were negligent in failing to appropriately evaluate and diagnose the minor plaintiff's closed head injury that he incurred in a skateboarding accident on February 24, 2000. The defendants MidState Medical Center and Dr. Richard Remnick ("MidState") have moved for an order compelling the plaintiff "to produce all notes, diaries and/or journals taken by the plaintiff-mother Nancy Tracanna, regarding the plaintiff-minor Michael Campbell, regarding his overall condition and the CT Page 7396 care and treatment he received." At a deposition taken on February 19, 2001, Nancy Tracanna, the mother of the minor plaintiff and also a plaintiff individually ("Tracanna'), testified that she had prepared some notes "in regard to the case I was going to make" before she retained a lawyer, that the four-pages of notes concerned "the accident, how it occurred, and my observations regarding [her son] and the care he received from MidState Medical Center" and that she wrote the notes early in March, 2000. (Deposition transcript pp. 8-10). The plaintiffs oppose production of the notes, claiming they were prepared in anticipation of litigation and fall within the provisions of Practice Book § 13-3.
The attorney work product doctrine in Connecticut is set forth in Practice Book § 13-3.[1] The language of the rule is identical to Rule 26(b)(3) of the Federal Rules of Civil Procedure. A party claiming the protection of the work product doctrine must demonstrate that the document or tangible item sought is work product. See In re Savitt/AdlerLitigation, 176 F.R.D. 44, 48 (N.D.N.Y. 1997). Work product is defined by § 13-3, in part, as "documents . . . prepared in anticipation of litigation or for trial. . . ." "Typically, the attorney work product doctrine encompasses work that is essentially the result of an attorney's activities when those activities have been conducted with a view toward litigation. Stanley Works v. New Britain Redevelopment Agency,155 Conn. 86, 95, 230 A.2d 9 (1967); see Hickman v. Taylor . . . 329 U.S. [495], 511 [(1947)]." Metropolitan Life Ins. Co.v. Aetna Casualty Surety Co., 249 Conn. 36, 51-52, n. 17, 730 A.2d 99 (1999).
Thus, the first hurdle for the plaintiff, in opposing the motion to compel, is to establish that the documents sought constitute work product. In order to fall within Connecticut's narrow definition of work product, attorney involvement in procuring or creating the material must be demonstrated. See Carrier Corp. v. Home Insurance Co., Superior Court, judicial district of Hartford, Docket No. 352383 (Schaller, Jun. 12, 1992); Jacques v. Cassidy, 28 Conn. Sup. 212, 218-19 (1969). In this case, no attorney played a role in Tracanna's decision to create notes concerning her son's accident and how it occurred and her observations of him and the care he received from MidState. See Jacobs v. Dickey, Superior Court, judicial district of New Haven, Docket No. 359518 (Silbert, J. Feb. 5, 1998). Furthermore, Tracanna's statement that the notes, which were made in March, shortly after the accident, were prepared in anticipation of litigation, is insufficient to establish that they fall within the work product doctrine. See Roselund v. Stop ShopCompanies, Inc., Superior Court, judicial district of New London, Docket No. 539474 (Hurley, J.T.R., May 7, 1998).
Even if Tracanna had met her burden of demonstrating that the material sought is work product, the record reveals[2] that MidState can CT Page 7397 demonstrate both substantial need and undue hardship, the requisite showing to obtain discovery of ordinary work product. "Substantial need" is established if the information contained in the documents is essential to the movant, for example, by containing facts that demonstrate the opposing party's knowledge. Tracanna has testified that the notes contain her observations regarding her son and the care he received from MidState. This evidence is analogous to eyewitness statements which have been uniformly held to satisfy the substantial need requirement. SeeDeCossard v. Pate, Superior Court, judicial district of Stamford, Docket No. 0132284 (D'Andrea, J., Feb. 9, 1995) and cases cited therein. Further, Tracanna's deposition testimony regarding her observations is not equivalent to her notes. Id. ("[I]f a witness gives two accounts of the same event, one near the time of the event and one substantially later in time, the later account is not the `substantial equivalent' of the prior.) Finally, there is no practical way in which MidState can obtain the equivalent information.
Accordingly, the defendants' Motion for Order is granted. The plaintiffs shall produce for the defendants the four-pages of notes prepared by Nancy Tracanna.
LINDA K. LAGER, JUDGE